IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KAY VUGRIN,

    Plaintiff,

    v.                                    Case No. 13-cv-972 KBM/GBW

STANCORP FINANCIAL GROUP, INC.,

    Defendant.

## <u>ORDER</u>

This matter comes before the Court on Plaintiff's Motion for Discovery. *Doc. 18.* Having reviewed the motion and accompanying briefing (*docs. 26, 28*) and being fully advised, the Court will GRANT Plaintiff's Motion.

## I.    BACKGROUND

Plaintiff Kay Vugrin alleges that Defendant Stancorp Financial Group, Inc. improperly denied her short term disability (STD) benefits in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 (1974) (ERISA). *See doc. 1*, Ex. B.   In May 2011, Plaintiff began work at Veralight, Inc. as a senior scientist.  Administrative Record (AR) at 1056.  Veralight, Inc. provided STD[1] and LTD benefits as part of its employee benefits plan, which in turn is governed by ERISA.  Plaintiff participated in this benefits plan. *Doc. 26* at 2-3.  Defendant is both the insurer of the STD plan and the

---

[1] Short term disability benefits are provided for a period of 90 days under Veralight, Inc.'s benefit plan. *See doc. 17*, Ex. 1.

administrator of the STD plan, although it denies being the ERISA plan administrator. *Id.*; *doc. 6* at 2.

On January 19, 2012, Plaintiff stopped working and applied for STD benefits under the Veralight employee benefits plan.   AR at 1056.  Under the terms of the STD benefits plan, Defendant had both the right to determine the claimant's eligibility for benefits and the right to investigate STD claims at any time.   *Doc. 17*, Ex. 1 at STND 13-01983-00017-18.  Defendant approved Plaintiff's STD claim on February 9, 2012 and began paying benefits from the date of January 27, 2012.[2]  AR at 1008-09.  After approving the claim and beginning to pay benefits, Defendant conducted a review of Plaintiff's claim.  *Doc. 26* at 3-4; AR at 1009.  On March 14, 2012, pursuant to this review, Defendant halted benefits payments and on March 28, 2012 determined that Plaintiff was no longer eligible for them.  *Doc. 1*, Ex. B at 9.  Plaintiff contested this decision on April 12, 2012.  On July 25, 2012, Defendant informed Plaintiff that, based on its investigation, Plaintiff's claim should be terminated as of March 14, 2012, rather than continue for the full 90 days, through April 27, 2012.  AR at 392-97.

Plaintiff appealed Defendant's decision on March 20, 2013.  *Doc. 1*, Ex. B at 10. Under the terms of the STD plan, Defendant had 90 days to render its decision.  *Doc. 17*, Ex. 1.  Defendant did not provide a decision in 90 days, contending that it did not have complete records.  *Doc. 26* at 6.  Plaintiff filed the instant action on August 31, 2013.

---

[2] Veralight Inc's STD plan mandates a seven day waiting period before benefits can be paid out.

*Doc. 1*, Ex. B.  Defendant provided its final decision on November 25, 2013.  *Doc. 26* at 6.

In the instant motion, Plaintiff seeks discovery on Defendant's conflict of interest in serving as both STD insurer and claims administrator.  Defendant responds that discovery is inappropriate here both because the Court's review should be limited to the administrative record and because Plaintiff's position in this motion conflicts with her Motion in Limine (*doc. 20*), in which she seeks to limit the administrative record.

## II.   STANDARD OF REVIEW

In ERISA cases, "our case law prohibits courts from considering materials outside the administrative record where the extra-record materials sought to be introduced <u>relate to a claimant's eligibility for benefits</u>." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1162 (10th Cir. 2010) (citation omitted) (emphasis added). However, "this general restriction does not conclusively prohibit a district court from considering extra-record materials related to an administrator's dual role conflict of interest." *Murph*y, 619 F.3d at 1162.  "Therefore, discovery related to the scope and impact of a dual role conflict of interest may, at times, be appropriate . . . ." *Id.*  The party seeking discovery bears the burden of showing that it is appropriate.  *Id.* at 1163.

Discovery for dual role conflict of interest is governed by Federal Rule of Civil Procedure 26(b), but, unlike discovery in a typical civil action, "district courts will often need to account for several factors that will militate against broad discovery." *Id.* at 1162-63.  The court must be mindful that "ERISA . . . seeks to ensure a speedy,

3

inexpensive, and efficient resolution of those claims" and must consider whether the requested discovery is "overly costly or burdensome" in light of the information it is designed to ferret out.  *Id.* at 1163.  These considerations "are simply some factors a district court may include in its calculus when addressing a discovery request in an ERISA case." *Id.* at 1164.  Finally, "[a] district court has substantial discretion in handling discovery requests under Rule 26(b)." *Id.* (citation omitted).

III.   ANALYSIS

Plaintiff argues that, because Defendant denies that it plays a dual role, discovery is necessary to determine "the seriousness of the inherent conflict" in Defendant's role with regard to the STD plan and "the extent to which the administrator here has insulated its decision-making process from its financial interest." *Doc. 18* at 3.

In its response, Defendant first argues that because its decision should be reviewed on an abuse of discretion standard, Plaintiff should not be permitted to supplement the administrative records.  In the alternative, it argues that Plaintiff's request should be denied because (i) she has failed to provide proposed discovery requests; (ii) Defendant does not, as Plaintiff claims, deny that it insured and administered the STD plan, rendering the conflict obvious; (iii) the discovery is more burdensome than beneficial; and (iv) Defendant's conduct is so obviously appropriate that discovery is not warranted.

A.      **Dual Conflict of Interest Discovery Under ERISA**

Defendant raises its standard of review argument against both to the instant

Motion and Plaintiff's Motion in Limine (*doc. 20*).  In her Motion in Limine, Plaintiff

asserts that her claim should be treated as having been "deemed denied" as of August

15, 2013, because Defendant had not rendered a decision within the requisite 90-day

timeline.[3]  As such, she argues that the Court should ignore all the subsequent

documents provided by Defendant in the administrative record, which include

Defendant's final decision on the merits of Plaintiff's claim reached on November 25,

2013.  One significant consequence of Plaintiff's position is that Defendant's denial of

benefits decision would be subject to *de novo* review.   *See Rasenack ex rel. Tribolet v. AIG*

*Life Ins. Co.*, 585 F.3d 1311, 1317 (10th Cir. 2009) (quoting *Gilbertson v. Allied Signal, Inc.*,

328 F.3d 625, 631-36 (10th Cir. 2003)).  Defendant responds that it substantially complied

with ERISA's procedural requirements even though it missed the statutory deadline,

and as such, is entitled to an abuse of discretion standard of review.  *See Finley v.*

*Hewlett-Packard Co. Employee Benefits Org. Income Protection Plan*, 379 F.3d 1168, 1174

(10th Cir. 2004).

Defendant's position is that, because the Motion in Limine determines the

standard of review the Court will apply in this case, and therefore, the scope of

discovery available, the Motion in Limine must be decided first.  Defendant is mistaken.

---

[3] The relevant statutory language was amended in 2002 and is now "deemed to have exhausted the administrative remedies available." *See* 29 C.F.R. § 2560.503-1(l).

The standard of review has no bearing on discovery as to dual role conflict of interest. It is only relevant as to whether discovery is available to supplement the administrative record regarding Plaintiff's eligibility for benefits. *Murphy*, 619 F.3d at 1162. In fact, in *Murphy,* the Tenth Circuit specifically explained that discovery on the conflict of interest issue was available even when the reviewing court was applying the abuse of discretion standard. *Id.* at 1159-61.[4]

The Court therefore declines Defendant's request to either rule on the Motion in Limine at this juncture or to hold the instant motion in abeyance until the Motion in Limine is decided.

### B.      Plaintiff Will Be Permitted Discovery

While the Court has discretion to permit dual role conflict of interest discovery, it should only do so if Plaintiff has met her burden of demonstrating the propriety of those requests. Here, Plaintiff alleges that the conflict of interest is substantiated by the denial of her STD benefits -- even after her treating physician, and Defendant's nurse consultant, had substantiated her claim that her ailments significantly interfered with

---

[4] In *Murphy,* the Court further cautioned that "[e]ven in ERISA cases where we review the administrator's decision *de novo,* as for example where the plan does not vest discretion in the administrator to interpret the plan, we have emphasized that ERISA policy strongly disfavors expanding the record beyond that which was available to the plan administrator and supplemental evidence should not be used to take a second bite at the apple, but only when necessary to enable the court to understand and evaluate the decision under review. Thus, even under *de novo* review, a party still cannot supplement the record with substantive evidence of disability absent a showing that the evidence (1) is necessary, (2) could not have been presented to the administrator at the time it made its decision, (3) is not cumulative or repetitive, and (4) is not simply better evidence than the claimant mustered for the claim review." 618 F.3d at 1159 n.4 (citations and quotations omitted).

her ability to perform her job -- on the basis that there was no documentation of a disabling ailment.  Plaintiff further alleges that Defendant deliberately dragged out the appeals process, to her financial detriment and without adequate communication.  In order to shed light on the nature and extent of Defendant's alleged conflict, she seeks written discovery in the form of interrogatories and requests for admission.  *Doc. 18* at 4; *doc. 28* at 11.

Plaintiff has met her burden.  In reaching this conclusion, the undersigned is not indicating agreement with Plaintiff's contention that Defendant somehow unduly prolonged the administrative review process.  The administrative record reveals substantial correspondence between Plaintiff's counsel and Defendant during the period between March 20, 2013 and August 15, 2013, during which Defendant repeatedly explains the difficulty it had obtaining enough of Plaintiff's medical records to conduct a meaningful review of her claim.  *See, e.g., doc. 17* Ex. 14.  In fact, Plaintiff points to no evidence that Defendant was acting in bad faith in attempting to collect Plaintiff's medical records.

That said, Defendant has in its briefing admitted that it plays a dual role with regard to administering and paying STD benefits.[5]  Further, in its July 25, 2012 letter

---

[5] While Defendant argues that the admission alone renders the conflict sufficiently obvious, the *Murphy* court specifically rejected that contention.  619 F.3d at 1164 ("[T]he magistrate judge concluded that because MetLife conceded it served as both the administrator and insurer of the Plan, its conflict of interest was now apparent [and] further discovery into the conflict [was] not required . . . . The magistrate judge's conclusion, however, paints with too broad a brush. Ms. Murphy might be able to argue that discovery, appropriately circumscribed, is appropriate to allow her to determine, and present evidence

denying Plaintiff benefits, it acknowledges that Plaintiff was diagnosed by her treating physicians, and Defendant's own nurse/vocational advisor, with significant ailments, including cognitive impairments and fibromyalgia.  In making its original decision to deny Plaintiff benefits, Defendant relied on two clinicians, Dr. Ronald Fraback (who evaluated her fibromyalgia diagnosis) Dr. Elaine Greif (who evaluated her cognitive impairments).[6] AR at 274-276, 392-397, 402-06, 1020.  There is no information in the administrative record that details the relationship of these physicians to Defendant. These facts, taken together, allow Plaintiff to meet her burden.  *See, e.g., Scott v. Mills*, 2011 WL 7487133, at *3 (D.N.M. Jan. 24, 2011) (explaining that where the administrative record fails to adequately explain the reviewing physician's relationship to the benefits provider, discovery can be permitted).

Though Plaintiff has met her burden of demonstrating the appropriateness of the requested discovery, the Court must still consider whether it is overly burdensome. Defendant maintains that the administrative record shows its conduct was unimpeachable, such that discovery as to its dual role is unnecessary and, further, the amount in dispute is so low as to render discovery *de facto* burdensome.   The Court

---

on, the seriousness of the inherent conflict and the likelihood that it jeopardized MetLife's decisionmaking process in her case.")

[6] Two other physicians, Drs. McManus and Haselwood, provided evaluations of Plaintiff's medical records to Defendant after August 15, 2013.  Because the inclusion or exclusion of their evaluations will be governed by the Court's ruling on Plaintiff's Motion in Limine, the Court will not address discovery as to these two physicians at this time.  Should the presiding judge rule that these evaluations should also be included in the administrative record, Plaintiff will be permitted to bring a motion for discovery as to these two doctors at that time.

disagrees.  As discussed above, the administrative record does not, on its face, indicate that Defendant was necessarily correct in denying Plaintiff's STD benefits.  Nor does the amount in controversy make the requested discovery overly burdensome, as here Plaintiff has only requested written discovery on a single, sharply circumscribed topic. Finally, while Defendant states that Plaintiff's request should be denied because she failed to submit proposed discovery requests, the *Murphy* Court did not require that plaintiffs provide discovery requests in advance.  Further, while nothing on the face of Plaintiff's requests indicates that they would be overly burdensome, should Defendant find them so, Defendant is permitted to move to a protective order pursuant to the Federal Rules of Civil Procedure.

## IV.    CONCLUSION

For the forgoing reasons, Plaintiff's Motion is GRANTED. Plaintiff shall be permitted to propound up to five (5) interrogatories and up to five (5) requests for production on the topic of the relationship between Defendant and Drs. Fraback and Greif.

**IT IS SO ORDERED.**

_____ JUDGE